IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PET QUARTERS, INC.                                              PLAINTIFF

V.               CASE NO. 4:04-CV-697 (RSW)

THOMAS BADIAN, RHINO ADVISORS, INC.,
AMRO INTERNATIONAL, S.A., SPLENDID ROCK
HOLDINGS, LTD., LADENBURG THALMANN & CO., INC.,
MICHAEL VASINKEVICH, PERSHING, LLC,
H.U. BACHOFEN, HANS GASSNER, JAMES DAVID HASSAN,
MARKHAM HOLDINGS LIMITED, CURZON CAPITAL
CORPORATION, WESTMINSTER SECURITIES CORP.,
AND JOHN DOES 1 TO 50 INCLUSIVE,                                DEFENDANTS

## OPINION AND ORDER

**I. Introduction**

Before the Court is defendant Pershing, LLC's Motion to Dismiss (doc. #20). Plaintiff has responded and opposes the Motion. For the reasons set forth below, the Motion is **GRANTED**.

**II. Background**

Plaintiff Pet Quarters, Inc., is a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business in Arkansas. Pet Quarters is an Internet supplier of pet food and other pet supplies and products for both consumers and professionals. Pet Quarters sells its goods over the Internet and through a mail order catalog. Defendant Pershing, LLC, is a securities brokerage firm organized

1

and existing under the laws of Delaware.

Plaintiff brings this action against thirteen named defendants alleging their involvement in a scheme to defraud plaintiff and to manipulate downward the price of Pet Quarter's securities in violation of federal and state laws. In general, plaintiff alleges that the defendants are seasoned practioners of a "death spiral" funding scheme in which they provide financing to a target company and proceed to aggressively short-sell its stock in the hope that such short sales will drive down the price of the target company's securities. Pet Quarters accuses defendant Pershing of participating in this scheme to manipulate the price of Pet Quarter's stock.

The Complaint sets forth five claims against Pershing: (1) violation of § 10 of the Securities Exchange Act of 1934 and SEC Rule 10b-5 (Count II), (2) prima facie tort (Count VII), (3) civil conspiracy (Count XII), (4) tortious interference with contract and business relations (Count XIII), and (5) disgorgement and restitution under the Exchange Act. Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure for failure to plead fraud with sufficient particularity, and pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for failure to plead scienter with sufficient

particularity.

**III. Discussion**

    A.   <u>Standard of Review</u>

When considering a motion to dismiss under Rule 12(b)(6), the Court must assume that all facts alleged in the complaint are true and construe the complaint in a light most favorable to the plaintiff. <u>Coleman v. Watt</u>, 40 F.3d 255, 258 (8th Cir. 1994). The motion should be granted only if the plaintiffs can prove no set of facts that would entitle them to relief. <u>Id.</u> However, the Court must reject conclusory allegations of law and unwarranted inferences. <u>In re K-Tel Int'l, Inc. Sec. Litig.</u>, 300 F.3d 881, 889 (8th Cir. 2002).

Rule 9(b) of the Federal Rules of Civil Procedure provides a heightened standard of pleading when a plaintiff alleges fraud or mistake. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Conclusory allegations that a defendant's conduct was fraudulent and deceptive are insufficient to satisfy Rule 9(b). <u>Commercial Prop. Investments, Inc. v. Quality Inns Intern., Inc.</u>, 61 F.3d 639, 644 (8th Cir. 1995).

    B.   <u>Count II - Violation of Rule 10b-5</u>

Plaintiff alleges that Pershing manipulated the market for Pet Quarter's securities in violation of § 10b of the Securities Exchange Act of 1934 ("the Act"), 15 U.S.C. § 78j(b), and SEC

Rule 10b-5, 17 C.F.R. § 240.10b-5. Section 10(b) of the Act makes it

> [U]nlawful for any person, directly or indirectly, . . .
>
> . . . .
>
>      (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Rule 10b-5, promulgated by the Securities and Exchange Commission ("SEC") under § 10(b), prohibits fraudulent conduct in the sale and purchase of securities. Specifically, the Rule states,

> It shall be unlawful for any person, directly or indirectly, . . .
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> . . . .
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

The scope of conduct prohibited by Rule 10b-5 is controlled by the language of § 10(b) of the Act. <u>Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.</u>, 511 U.S. 164, 173-175 (1994).

To state a claim for market manipulation, the plaintiff must adequately allege that (1) it was injured, (2) in connection with

4

the purchase or sale of securities, (3) by relying on a market for securities, (4) controlled or artificially affected by defendant's deceptive or manipulative conduct, and (5) the defendants engaged in the manipulative conduct with scienter. In re Blech Sec. Litig., 961 F. Supp. 569, 582 (S.D.N.Y. 1997)(citing Ernst & Ernst v. Hochfelder, 425 U.S. 185, 199 (1976)). The defendant argues that (1) merely clearing manipulative trades is insufficient to state a claim under § 10(b), (2) that Pet Quarters has failed to plead scienter with the requisite particularity, (3) that Pet Quarters lacks standing to assert a market manipulation claim, and (4) that Pet Quarters' claim under § 10(b) is untimely. The Court finds it unnecessary to address all of the defendant's contentions because the plaintiff's failure to plead scienter with the requisite particularity is dispositive.

Claims brought under Rule 10b-5 and § 10(b) are governed by heightened pleading standards adopted by Congress under the Private Securities Litigation Reform Act ("PSLRA"). The PSLRA supercedes reliance on Rule 9(b) in securities fraud cases.[1] In re Navarre Corp. Sec. Litig., 299 F.3d 735, 742 (8th Cir. 2002). Under the PSLRA, "the complaint shall, . . . state with

---

[1] For example, the PSLRA requires that scienter be pleaded with particularity, but Rule 9(b) states that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."

particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). Scienter under Rule 10b-5 means the intent to deceive, manipulate, or defraud. Kushner v. Beverly Enterprises, Inc., 317 F.3d 820, 827 (8th Cir. 2003)(citing Florida State Bd. of Admin. v. Green Tree Fin. Corp., 270 F.3d 645, 654 (8th Cir. 2001)). In order to survive the defendant's Motion to Dismiss, the plaintiff's allegations must collectively add up to both a reasonable and strong inference of the required state of mind. Green Tree Fin. Corp., 270 F.3d at 660-61.

In the present case, the plaintiff has failed to allege sufficient facts that give rise to a strong inference that the defendant acted with the "intent to deceive, manipulate, or defraud." The only mention of Pershing in the sixteen(16)-count, one-hundred-and-sixty-nine(169)-paragraph complaint is in paragraph 100. Paragraph 100 of the Complaint reads in relevant part:

> Moreover, upon information and belief, Westminster used Pershing, its exclusive clearing firm, to illegally (i) convert short positions in PQI's stock into false long positions, (ii) stack bids and/or offers to manipulate the stock up or down, and (iii) engage in the manipulative schemes described herein.  By working with Westminster in the scheme, Pershing is a direct participant in the manipulation in that Pershing is the entity clearing the trades resulting in the manipulation complained herein.  Additionally, Pershing, among other potential violations, failed in its duty as "gatekeeper to the public markets" to report these large suspicious transactions to its superiors, the market regulators.

6

It is on the strength of this single paragraph of factual allegations that Pet Quarters bases its claims against Pershing. The only allegation of scienter is in paragraph one-hundred-and-twenty-one(121). Paragraph 121 reads in relevant part:

> The defendants acted with scienter in manipulating the price of PQI's common stock. Each defendant had the motive and the opportunity to undertake and carry out that manipulation. The defendants' scienter is further evidenced by their use of nearly identical schemes against other companies, including SEDONA.

These paragraphs are conclusory and cryptic allegations that fail to satisfy the heightened pleading requirements of the PSLRA.

Pet Quarters contends that because Pershing is charged with conduct that is definitionally manipulative, the Complaint is sufficient. The Court disagrees. To satisfy the heightened pleading requirements of the PSLRA, the plaintiff has to plead some threshold amount of facts. In re K-Tel Int'l, Inc. Sec. Litig., 300 F.3d 881, 894 (8th Cir. 2002). Here, the plaintiff does not allege even a single instance of Pershing "stacking bids" or converting "short positions in PQI's stock into false long positions." There is also no factual allegation that Pershing was involved in the schemes against other companies. Such conclusory allegations with no factual support are insufficient. See In re Blech, 961 F. Supp. at 584 (stating that "conclusory characterizations do not suffice when the factual allegations underlying those assertions are consistent with the

normal activity of a clearing broker"). In addition, the plaintiff has not alleged any facts that show that there was an arrangement between Pershing and the other defendants or that Pershing did anything other than clear trades for Westminster. Merely clearing trades is insufficient to show a strong inference of scienter under Rule 10b-5. See Dietrich v. Bauer, 76 F. Supp. 2d 312, 335 (S.D.N.Y. 1999)(dismissing § 10b claim against defendant for the alternative reason that scienter cannot be inferred from the performance of routine clearing functions); Ross v. Bolton, 639 F. Supp. 323, 327 (S.D.N.Y. 1986)(finding allegations against clearing broker insufficient to infer scienter).

    The blanket assertion in paragraph 121 that each defendant had the motive and opportunity to undertake the manipulation is also insufficient. Motive and opportunity of a defendant can be relevant in establishing scienter. In re K-Tel, 300 F.3d at 894. However, it must be a showing of unusual or heightened motive to meet the PSLRA standard. Id. The plaintiff has made no such showing in this case. There is no allegation that Pershing would somehow profit from the alleged scheme or that Pershing was a direct party to any of the financing arrangements. In fact, Pet Quarters admits in its response brief that it does not know the ability of Pershing to profit from the alleged scheme. The Eighth Circuit has consistently held that allegations with regard to

motive generally possessed by all corporations, such as profitability, do not give rise to a strong inference of scienter. E.g., Kushner v. Beverly Enterprises, Inc., 317 F.3d 820, 830 (8th Cir. 2003); In re K-Tel, 300 F.3d at 894; Florida State Bd. of Admin. v. Green Tree Fin. Corp., 270 F.3d 645, 661 (8th Cir. 2001). If general profitability were enough to show the requisite motive and opportunity, then all companies would have sufficient scienter to satisfy the PSLRA. Such a situation would not indicate a heightened pleading standard as Congress intended.

Lastly, the plaintiff argues that market manipulation claims are subject to a more relaxed standard than misrepresentation claims and therefore the Complaint is sufficient. See Internet Law Library, Inc. v. Southridge Capital Mgmt., 223 F. Supp. 2d 474, 486 (S.D.N.Y. 2002)(reasoning that the facts relating to a manipulation scheme are often known only by the defendants). This statement is true only in the sense that subsection (b)(1) of the PSLRA does not apply to market manipulation claims. Under subsection (b)(1) of the PSLRA, a complaint based on statements or omissions must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and if an allegation . . . is made on information and belief, the complaint shall state with particularity all facts on which the belief is formed." 15 U.S.C. § 78u-4(b)(1). Because market manipulation claims, such as this one, are not based on

statements, they are not subject to the requirements of subsection (b)(1). <u>Stephenson v. Deutsche Bank AG</u>, 282 F. Supp. 2d 1032, 1055 (D. Minn. 2003). Plaintiffs bringing market manipulation claims must still plead with particularity facts giving rise to a strong inference of scienter, as stated in subsection (b)(2) of the PSLRA. 15 U.S.C. § 78u-4(b)(2); <u>see also In re Initial Public Offering Sec. Litig.</u>, 241 F. Supp. 2d 281, 334 (S.D.N.Y. 2003)(holding that all claims brought under Rule 10b-5 must satisfy paragraph (b)(2)).

In conclusion, although the Complaint sets forth in detail the scheme that the other named defendants allegedly conducted against Pet Quarters, the Complaint is void of facts linking Pershing to the scheme or any wrongdoing of its own. The few allegations raised against Pershing are conclusory, unparticularized, and factually unsupported. Such allegations fail to give rise to a strong inference of scienter, as required by the PSLRA. Accordingly, Count II of the Complaint against Pershing is **DISMISSED**.

  C. <u>Count XVI - Disgorgement and Restitution</u>

As plaintiff admits, Count XVI is not an independent substantive legal claim.  Rather, Count XVI represents a stand-alone request for the specific remedies of disgorgement and restitution in regard to plaintiff's § 10(b) claim against Pershing.  If plaintiff is setting these particular remedies in

their own Count to draw attention to their importance to plaintiff, their importance is duly noted.  However, plaintiff already asks for these remedies in its Prayer for Relief, so this Count is unnecessary.  On this ground alone, this "claim" would be dismissed.

More importantly, because the remedies in this Count are tied to the viability of Pet Quarters' § 10(b) claim against Pershing, i.e., Count II, and plaintiff has failed to adequately plead Count II as to Pershing, Count XVI as to Pershing is also **DISMISSED**.

    D.    <u>Remaining State Law Claims</u>

All of the remaining claims against Pershing are based on state law. The Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a), which provides for supplemental jurisdiction. Under 28 U.S.C. § 1367(c)(3), the Court may "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." As the Eighth Circuit recently stated in <u>Gibson v. Weber</u>, 433 F.3d 642, 647 (8th Cir. 2006), "Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed . . . ."

Since the Court has dismissed Count II of the Complaint against Pershing, which is the only claim against Pershing over

which the Court has original jurisdiction, the Court hereby declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, Counts VII, XII, and XIII of the Complaint against Pershing are **DISMISSED WITHOUT PREJUDICE.**

**IV.   Conclusion**

For the reasons stated above, defendant Pershing's Motion to Dismiss (doc. #20) is **GRANTED**. Counts II and XVI as to Pershing are **DISMISSED WITH PREJUDICE.** Counts VII, XII, and XIII as to Pershing are **DISMISSED WITHOUT PREJUDICE**. Defendant Pershing, LLC is **DISMISSED** from this case.

**IT IS SO ORDERED**, this 29th day of March, 2006.

/s/ Rodney S. Webb
RODNEY S. WEBB, District Judge
United States District Court