IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PET QUARTERS, INC.,                                              PLAINTIFF

V.               CASE NO. 4:04-CV-697 (RSW)

THOMAS BADIAN, RHINO ADVISORS, INC.,
AMRO INTERNATIONAL, S.A., SPLENDID ROCK
HOLDINGS, LTD., LADENBURG THALMANN & CO., INC.,
MICHAEL VASINKEVICH, H.U. BACHOFEN,
HANS GASSNER, JAMES DAVID HASSAN,
MARKHAM HOLDINGS LIMITED, CURZON CAPITAL
CORPORATION, WESTMINSTER SECURITIES CORP.,
AND JOHN DOES 1 TO 50 INCLUSIVE,                                 DEFENDANTS

## ORDER STAYING CASE PENDING ARBITRATION

The Court has now resolved all the motions before it in this case. Pet Quarters has also moved for an extension of time to file its amended complaint (doc. #209).

In its order dated June 28, 2006, the Court asked Pet Quarters and Markham Holdings Ltd. ("Markham") to submit briefs on what authority the Court has to stay a case pending the outcome of arbitration. Both parties agreed the Court may stay a case pending arbitration when it exercises its inherent power to manage its docket and cases (docs. #177-#178). Pet Quarters expressed no preference towards a stay, while Markham argued staying this case would not be appropriate.

The Eight Circuit Court of Appeals has held that a district court does not abuse its discretion to stay a case when doing so allows the court to control its docket, conserve resources, and provide for just determination of its cases. City of Bismarck v. Toltz, King, Duvall, Anderson and Associates, Inc., 767 F.2d 429,

433 (8th Cir. 1985). "While it is true that the arbitrator's findings will not be binding as to those not parties to the arbitration, considerations of judicial economy and avoidance of confusion and possible inconsistent results nonetheless militate in favor of staying the entire action." Id. at 432.

This complex case involves many defendants and many counts. Some of the defendants are currently in arbitration, and others are not. The Court finds that staying this case pending arbitration in New York is appropriate. A stay will allow the Court and the parties to conserve resources and avoid confusion until the arbitration is complete. Although not binding, a stay allows the Court the benefit of the arbitration decision when considering this case and all parties the benefit of the arbitration decision when amending their pleadings.

Therefore, the Court **STAYS** all action in this case until the arbitration in New York is final. Pet Quarters shall have thirty (30) days from the date arbitration is final to file and serve an amended complaint repleading the counts that were dismissed without prejudice regarding all defendants that remain in this action. This should provide Pet Quarters with sufficient time to file an amended complaint. Pet Quarters motion for an extension of time (doc. #209) is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Dated this 9th day of April, 2007.

RODNEY S. WEBB, District Judge
United States District Court