```
           IN THE UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF ARKANSAS
                     WESTERN DIVISION
```

PET QUARTERS, INC.,                                        PLAINTIFF

V.                    CASE NO. 4:04-CV-697 (RSW)

THOMAS BADIAN, RHINO ADVISORS, INC.,
AMRO INTERNATIONAL, S.A., SPLENDID ROCK
HOLDINGS, LTD., LADENBURG THALMANN & CO., INC.,
MICHAEL VASINKEVICH, H.U. BACHOFEN,
HANS GASSNER, JAMES DAVID HASSAN,
MARKHAM HOLDINGS LIMITED, CURZON CAPITAL
CORPORATION, WESTMINSTER SECURITIES CORP.,
AND JOHN DOES 1 TO 50 INCLUSIVE,                          DEFENDANTS

## ORDER DENYING RECONSIDERATION OF STAY

Before the Court is Plaintiff Pet Quarters' Motion to Reconsider Order Staying Case Pending Arbitration (doc. #216) and Motion to Withdraw Its Motion for an Amended Order (doc. #217). Defendants Amro International, Splendid Rock Holdings, Rhino Advisors, Inc., Thomas Badian, and Landenburg Thalmann & Co. oppose the motion (docs. #222-23). Because the Court concludes staying this case is the wisest choice, both motions are **DENIED**.

On April 3, 2007, Pet Quarters moved for an amended order giving additional time to file its amended complaint (doc. #209). On April 9, 2007, the Court stayed this case entirely, pending the concurrent arbitration in New York (doc. #214). Pet Quarters then filed the instant motions, arguing that the litigation and arbitration must proceed at the same time to conserve resources and discovery.

Pet Quarters suggests the Court stayed the case in response to its Motion to Amend Order.  Pet Quarters misapprehends why the Court stayed this case.  The Court was considering staying this action prior to the filing of Pet Quarters' motion.  The case was stayed so that the Court could manage its docket.  Allowing the arbitration and litigation to proceed simultaneously may, as Pet Quarters suggests, conserve time.  However, that also increases the risk of confusion and possible inconsistent results.  The Federal Arbitration Act requires the courts to respect two parties agreement to arbitrate disputes.  <u>See</u> <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24 (1983).  Out of comity to the agreed upon arbitration, this Court is convinced that proceeding with both litigation and arbitration increases the risk of poor decisions.  Furthermore, the Court is skeptical that arbitration will be more expensive and take longer than the litigation, considering that arbitration's alleged strengths are less expense and less time.  Finally, as Ladenburg suggests, the final arbitration may narrow the issues of the case, and Pet Quarters may be able to rely on what it learns in arbitration to conserve some discovery costs.

Therefore, Pet Quarters' motion for reconsideration and to withdraw its prior motion are **DENIED**.  This case shall remain completely stayed pending the final decision of the arbitration.  The Court rejects Pet Quarters' offer to proceed on its original complaint.  Pet Quarters shall have thirty (30) days from the

date arbitration is final to file and serve an amended complaint. Pet Quarters may, at that time, waive the opportunity to file an amended complaint if it so chooses.

**IT IS SO ORDERED**, this 22nd day of May, 2007.

/s/ Rodney S. Webb
RODNEY S. WEBB, District Judge
United States District Court