IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PET QUARTERS, INC.                                                      PLAINTIFF

v.                                        4:04CV00697-BRW

LADENBURG THALMANN
AND COMPANY, INC., *et al.*                                            DEFENDANTS

## ORDER

Pending are Separate Defendants Ladenburg Thalmann and Company, Inc.

("Ladenburg") and Michael Vasinkevich's ("Vasinkevich") Motions for Reconsideration (Doc.

Nos. 266, 269). Plaintiff has responded,[1] and Defendants have replied.[2] A hearing was held on

March 8, 2011.

As explained below, the Motions are DENIED.

## I.    BACKGROUND

In its Complaint, filed in 2004, Plaintiff alleges a scheme to defraud Plaintiff and to

manipulate downward the price of its securities, in violation of federal and state law. On April

28, 2006, the Court[3] entered an Order[4] (the "2006 Order") granting in part and denying in part

Ladenburg and Vasinkevich's Motions to Dismiss. Ladenburg and Vasinkevich now ask me to

reconsider the denial of their motions to dismiss Plaintiff's claim for securities fraud and

remaining state law claims, contending that a change in the controlling law since the 2006 Order

compels dismissal of these remaining claims.

---

[1]Doc. No. 275.

[2]Doc. Nos. 276, 277.

[3]United States District Judge Rodney S. Webb.

[4]Doc. No. 159.

**II.      STANDARD**

Under Federal Rule of Civil Procedure 54(b), an order that adjudicates fewer than all the

claims or the rights and liabilities of fewer than all the parties may be revised at any time before

the entry of a final judgment.[5]   Reconsideration of an interlocutory decision may be granted "as

justice requires."[6]   An intervening change in the controlling law is a recognized ground for

granting a motion for reconsideration.[7]   The moving party has the burden of showing that

reconsideration is warranted, and that some harm or injustice would result if reconsideration

were to be denied.[8]

**III.     DISCUSSION**

Defendants contend that, since the 2006 Order, there have been two changes in the law

affecting motions to dismiss in securities fraud cases.  First, in *Tellabs, Inc. v. Makor Issues &*

*Rights, Ltd.*,[9] the Supreme Court "added an additional hurdle"[10] for plaintiffs to overcome to

satisfy the pleading requirement under the Private Securities Litigation Reform Act of 1995

("PSLRA").  *Tellabs* provides that the inference of scienter "must be more than merely plausible

or reasonable—it must be cogent and at least as compelling as any opposing inference of

---

[5]See *Wells' Dairy, Inc. v. Travelers Indem. Co. of Illinios*, 336 F. Supp. 2d 906, 909 (N.D. Iowa 2004).

[6]*M.K. v. Tenet*, 196 F. Supp. 2d 8, 12 (D.D.C. 2001).

[7]*Gardner v. First Am. Title Ins. Co.*, 218 F.R.D. 216, 218 (D. Minn. 2003); *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).

[8]*Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 85 (D.D.C. 2009).

[9]551 U.S. 308 (2007).

[10]*In re Ceridian Corp. Sec. Litig.*, 542 F.3d 240, 244 (8th Cir. 2008).

nonfraudulent intent."[11]  So, courts "must consider plausible nonculpable explanations for the

defendant's conduct, as well as inferences favoring the plaintiff."[12]  Second, the Supreme Court

heightened the pleading requirements under Fed. R. Civ. P. 8(a) in *Bell Atlantic Corp. v.*

*Twombly*[13] and *Ashcroft v. Iqbal*.[14]

The 2006 Order states:

> In the present case, the plaintiff alleges that Vasinkevich had the requisite
> scienter because he engaged in conscious misbehavior by representing to Pet
> Quarters that Ladenburg did not participate in toxic financing when it was already
> involved with Badian in such schemes with other companies and knowing that
> Badian planned to engage in the same kind of toxic financing with Pet Quarters.
> These facts, stated with particularity in the Complaint, give rise to a strong inference
> of scienter because they show intentional wrongdoing by defendants.[15]

Defendants contend that the Court did not consider alternative, nonfraudulent

inferences—as required under *Tellabs*—in reaching its conclusion.  However, both Defendants

argued these competing inferences of nonfraudulent intent in their briefs,[16] and the Court no

doubt considered these competing inferences in ruling on the motions to dismiss.

In the 2006 Order, the Court cited *Kushner v. Beverly Enters., Inc.*[17] in making its finding

regarding scienter.  In *Kushner*, the Eighth Circuit cited a Sixth Circuit case, *Helwig v. Vencor*,[18]

[11]*Id.* (quoting *Tellabs*).

[12]*Tellabs*, 551 U.S. at 324.

[13]550 U.S. 544 (2007).

[14]129 S.Ct. 1937 (2009).

[15]Doc. No. 159, at 15.

[16]Doc. No. 23, at 19 ("nothing in these complaints supports a conclusion that Ladenburg
knew in early 2000 that Badian was anything other than a legitimate investor"); Doc. Nos. 45,
77, 106.

[17]317 F.3d 820 (8th Cir. 2003).

[18]251 F.3d 540 (6th Cir. 2001).

which the Supreme Court in turn cited in *Tellabs* when it rejected the Sixth Circuit's more stringent standard that the inference of scienter must be the *most* plausible of competing inferences.[19]  The Eighth Circuit's analysis in *Kushner* of the "strong inference" of scienter necessary under the PSLRA is not in direct conflict with the standard adopted in *Tellabs*.[20]

*Tellabs* explains that the pertinent question is whether "a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged."[21]  Implicit in the Court's finding that the facts in the Complaint give rise to a "strong inference of scienter"[22] is a finding that the inference of scienter is at least as compelling as any opposing inference of nonfraudulent intent.  As the Supreme Court noted in *Tellabs*, the strength of an inference is "inherently comparative."[23]  Here, everything points to the proper comparisons having been made when the 2006 Order was entered, and I see no need to reconsider it now.  I likewise find it unnecessary to reconsider based on *Iqbal* or *Twombley*, because the PSLRA provides a more stringent standard than Rule 8(a).

---

[19]*Tellabs*, 551 U.S. at 324.

[20]On the other hand, the Supreme Court in *Tellabs* expressly rejected the Seventh Circuit's approach, which declined to engage in a comparative assessment of plausible inferences.

[21]551 U.S. at 324.

[22]Doc. No. 159.

[23]551 U.S. at 323.

**CONCLUSION**

Under these particular circumstances, I am not convinced that justice requires

reconsideration of the 2006 Order.  Therefore, the Motions for Reconsideration are DENIED.

The stay of discovery[24] is hereby lifted.

IT IS SO ORDERED this 28th day of March, 2011.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[24]Doc. No. 264.